UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HELIODORO LOPEZ-FONSECA,<br><br>Defendant. | Case No.:  3:04cr0602-JAH-2<br><br>**ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE (Doc. No. 107)** |

### INTRODUCTION

Pending before the Court is Defendant Heliodoro Lopez-Fonseca's ("Defendant") Motion for Compassionate Release. *See* Doc. No. 107. After careful review of the pleading submitted, IT IS HEREBY ORDERED the motion is **DISMISSED without prejudice.**

### BACKGROUND

Defendant pled guilty to Count 1 of the indictment charging him with Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. *See* Doc. Nos. 5, 75. On June 8, 2007, this Court sentenced Defendant on Count 1 to 243 months in custody and five years of supervised release. *See* Doc. Nos. 84, 85.

On February 10, 2021, Defendant, proceeding *pro se*, filed a motion for Compassionate Release under the First Step Act, citing ongoing health concerns brought by COVID-19 throughout the Bureau of Prisons ("BOP") as the basis. *See* Doc. No. 108.

Defendant further contends he is more acutely affected by the threat of COVID-19, due to his age of 63 years-old. *Id.* Based on Defendant's pleading, the Court determines a response from the Government is not necessary at this juncture.

## LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by stature or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna,* 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

## DISCUSSION

Missing from Defendant's Motion is any statement that 1) he requested the BOP file a motion for compassionate relief on his behalf and that such request was denied; 2) that he exhausted all administrative rights to appeal a BOP decision not to file the motion; or 3) that 30-days have lapsed since such a request was made. *See* Doc. No. 107.

Despite the plain language of 18 U.S.C. § 3582(c) rendering the exhaustion requirement mandatory, some courts have nonetheless held that requirement can be waived. *See, eg., Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (recognizing a narrow futility exception to certain statutory exhaustion requirements*); United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Penn. April 8, 2020) ("We are not convinced, however, that we must rigidly adhere to the statutory directive that the BOP be provided

1  up to thirty days to address Defendant's compassionate release request, without
2  considering a futility exception to exhaustion."); *United States v. Zukerman*, No. 16 CR.
3  194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (holding that defendant's
4  "advanced age and compromised health, combined with the high risk of contracting
5  COVID-19 at Otisville, justify waiver of the exhaustion requirement"); *United States v.
6  Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (holding
7  that defendant's "undisputed fragile health, combined with the high risk of contracting
8  COVID-19 in the [detention center] justifies waiver of the exhaustion requirement").

9        While the Court is sympathetic to the concerns of Defendant in light of the spread
10 of COVID-19 throughout the BOP, the Court is mindful of Ninth Circuit authority holding
11 that this Court has no authority to consider Defendant's motion until after the Defendant
12 exhausts administrative remedies. *See Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d
13 1194, 1197 (9th Cir. 1998) (citation omitted) ("statutorily-provided exhaustion
14 requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion
15 by the court."). This Court also joins other sister courts in the Ninth Circuit and elsewhere
16 in concluding that this Court has no authority to consider Defendant's motion until the
17 exhaustion criteria of § 3852(c)(1)(A) is met. *See United States v. Garza*, 2020 WL
18 1485782 (S.D. Cal. March 27, 2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal.
19 April 18, 2020) (The futility exception "only applies to judicially created exhaustion
20 requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United
21 States v. Holden*, No. 13-cr-00444, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); *United
22 States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020);
23 *United States v. Fuentes*, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v.
24 Woodson*, No. 18-cr-00845, 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020); *United
25 States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1,
26 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020); *see also*,
27 *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020).
28

Defendant failed to meet the exhaustion requirement of § 3582(c)(1)(A), therefore the Court does not have jurisdiction over at this time to determine the merits of this motion.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED this motion is **DISMISSED without prejudice**. Defendant has leave to re-file this motion after complying with the exhaustion of remedies requirement of 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**

DATED: February 16, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE